UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-19-H

JEFFERSON AUDIO VIDEO SYSTEMS, INC.                                                        PLAINTIFF

v.

GUNNAR LIGHT                                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Gunnar Light, to dismiss the Complaint in its entirety or, in the alternative, to dismiss three of the six counts in the Complaint for failure to state a claim. If the Court does not dismiss the Complaint, Defendant requests a stay of this action pending the resolution of an action he filed against Plaintiff, Jefferson Audio Video Systems, Inc. ("JAVS"), in federal court in the District of Arizona. The Arizona action has been stayed pending this Court's ruling on the instant motion.

The issue at hand concerns the application of the anticipatory suit exception to the first-to-file rule where the parties have also agreed to a forum selection clause. For the reasons that follow, the Court concludes that the forum selection clause governs in these particular circumstances.

I.

JAVS is a Kentucky corporation in the business of providing audiovisual equipment and services to create official records in court systems. The company hired Light on May 26, 2010 as Managing Director of International Sales, offering a salary, benefits plan, bonus compensation and vacation package. The letter offering Light this position was contingent on, among other

things, his execution of an Ownership, Non-Disclosure, Confidentiality, and Non-Competition Agreement ("the Agreement"), which he signed.

JAVS terminated Light on March 13, 2011 after he allegedly made damaging statements about JAVS to the company's long-time sales agent in South Africa while he was there to facilitate a prospective deal with the South African court system.  Two days later, JAVS sent Light a check representing four percent of the purchase order from Malaysia that occurred after Light was hired, pursuant to the terms of his offer letter.  The offer letter also promised bonus compensation of four percent of "gross new international business," but JAVS claims that Light never attained such business and therefore was not entitled to further compensation upon his termination.

JAVS filed this lawsuit on January 11, 2012, in anticipation of Light filing suit in Arizona the following day.  Light had sent JAVS a letter weeks earlier with a settlement demand and a copy of a complaint he planned to file in Arizona on January 12, 2012 if the parties did not reach a settlement of his disputed owed compensation.  JAVS concedes that its suit anticipated Light's suit and that it brought the action to enforce a forum-selection clause in the Agreement.  That clause states:

> "Except for an action brought by JAVS for injunctive or other relief, any suit or proceeding arising out of or relating to this Agreement shall be instituted and maintained in the state courts of Kentucky or the federal district court for the Western District of Kentucky.  The parties hereby irrevocably consent to jurisdiction and venue in such courts, and the parties waive objection to the jurisdiction and venue being in such courts."

Light filed his Complaint in the District of Arizona on January 12, 2012, alleging wrongful termination, violation of Arizona's wage statute, breach of contract, and breach of covenant of good faith and fair dealing.

II.

When actions have been filed in two district courts involving nearly identical parties and issues, the first-to-file doctrine dictates that "the court in which the first suit was filed should *generally* proceed to judgment" as a matter of comity among federal courts of equal rank. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (internal quotation marks and citations omitted). However, this rule is not to be applied rigidly and courts have recognized instances in which equity required the second-filed action to proceed. "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir.2001)).

Defendant argues this case should be dismissed, or at least stayed, because Plaintiff filed an anticipatory suit. However, the Court finds circumstances which counsel against applying the anticipatory suit exception. First, the Agreement's forum-selection clause expresses the parties' intent that at least some of Plaintiff's claims must be litigated in the Western District of Kentucky. *Accord Caudill Seed & Warehouse Co., Inc. v. Brassica Prot. Prod., LLC*, 552 F. Supp. 2d 658, 662 (W.D. Ky. 2008) (finding no need to conduct a first-to-file analysis where a forum-selection clause controls regardless of who filed first). Count VI alleges a breach of the Agreement and therefore is indisputably a "suit . . . arising out of or relating to this Agreement" subject to the forum-selection clause. Count III alleges Light breached his fiduciary duty to JAVS, which relates to the Agreement because no fiduciary duty would exist absent the employment relationship established by the offer letter and the Agreement.

Moreover, the forum-selection clause would appear to apply in these circumstances because Light's causes-of-action arise out of or relate to the Agreement. Light contends his claims derive from the offer letter, not the Agreement, and the offer letter has no forum-selection clause. However, the offer letter states that it is "subject to . . . [s]igning of the attached [Agreement]." The Court concludes that the parties' forum selection clause should decide the issue of where this dispute is resolved.

Furthermore, the forum-selection clause is mandatory, stating that suits "shall be instituted and maintained" in Kentucky state courts or in this Court. *See, e.g.*, *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994) (holding that a clause stating all disputes "shall" be at Siempelkamp's place of business created exclusive and mandatory jurisdiction in German courts). Light makes no argument as to why the Court should undermine the forum-selection clause's unambiguous intent.

The Court also notes that the anticipatory suit exception to the first-to-file rule is usually applied when the first-filed suit was a declaratory judgment action. *See, e.g.*, *AmSouth Bank v. Dale*, 386 F3d 763, 791 n.8 (6th Cir. 2004) *and Tenke Corp.*, 511 F.3d at 552. Although our circuit's decisions do not state categorically limit where the exception applies, the preference for litigating disputes in coercive actions rather than declaratory judgment actions seems to influence the analyses. *See id; see also Zide Sport Shop*, 16 F. App'x at 438. Here, both suits involve coercive actions. Therefore, the same considerations that usually favor dispensing of first-filed actions do not exist with the same force.

III.

The Court will defer ruling on Defendant's motion to dismiss Counts I, IV, and V for failure to state a claim until such time as the appropriate forum for the litigation of all claims between the parties has been definitively settled.  Although the issue of the proper forum must be decided in the Arizona action upon motion, the Court is disinclined to dismiss or stay Plaintiff's claims in deference to claims that ultimately may not be maintained in Arizona.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss the Complaint or stay the case is DENIED.

cc:     Counsel of Record